I reluctantly join in the majority opinion. I say reluctantly because I find adherence to the definition of "abuse of discretion" as established by the Ohio Supreme Court requires me to do so, despite the fact I believe the ensuing result is unjust.
I believe appellee's failure to file an answer in the casesub judice does not constitute excusable neglect as a matter of law. Although appellee may have intended to proceed pro se upon further receipt of notice of hearing; was inexperienced in legal matters; and may not have understood he had to file a written response (answer), I believe such reasons are insufficient to rebut the clear boldface language on the summons attached to the complaint instructing him to do so. This is not a case involving a claim of failure to receive actual notice of the complaint. Appellee specifically acknowledged he had actual notice of the complaint. The fact appellee contacted an attorney and allegedly attempted to contact his insurance carrier, belies his claim he did not understand a response was necessary.
Suppose an injured person had been told by a defendant's insurance carrier its insured was admittedly liable for a car accident and further agreed to pay some, undetermined, amount of damages, but made final settlement contingent upon receipt of additional information. Suppose further, in reliance on these representations, the injured person failed to file his or her complaint within the two year statute of limitations, but did so one day later. Should the trial court be allowed to apply the concept of excusable neglect to permit the plaintiff to pursue an untimely filed complaint? If "excusable neglect" can be used to excuse the failure to timely file an answer, why shouldn't it be available to excuse the failure to timely file a complaint?
Despite my conclusion appellee's neglect herein was inexcusable as a matter of law, to find the trial court abused its discretion requires more than a finding it committed an error of law or judgment. I do not find the trial court's stated reasons for granting relief to be arbitrary, capricious, or so unreasonable as to demonstrate perversity of will, passion or bias. As such, I am restrained to concur in the majority's decision to affirm the trial court's decision.
How do we, the appellate court system, explain to the public we will overlook or condone a trial court judge's legal error or error of judgment because of our judicially created standard of review. Incantation of the definition of "abuse of discretion" appears little more than legal rhetoric to justify the result. It does little to instill public confidence in the judiciary.
I suggest a better approach in cases where the abuse of discretion standard of review is involved, but in which the trial court commits error as a matter of law or judgment, would be to vacate the trial court's decision and remand the case for redetermination applying the correct law. Such would preserve both the standard of review and the integrity of the justice system. This change can only be made by the Ohio Supreme Court. As for now, despite the injustice, I believe our decision permits in this case, I must nevertheless concur given the definition of "abuse of discretion" as it presently exists.
 ------------------------ JUDGE WILLIAM B. HOFFMAN
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P. J., Hon. William B. Hoffman, J., Hon. Sheila G. Farmer, J., JUDGES.